UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

LIONEL P. CARREIRO, Plaintiff ) C.A. No.

v. ) CA 07 158 S

THE STOP & SHOP SUPERMARKET COMPANY, LLC. and UNITED FOOD & COMMERCIAL WORKERS UNION, LOCAL 328, by and through their President, DAVID P. FLEMING, and their Secretary/Treasurer, JAMES RILEY, Defendants )

**DEFENDANT STOP & SHOP SUPERMARKET COMPANY'S**
**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1441(a) and (b) and § 1446(a) and (b) and LR Cv 81(a), defendant Stop & Shop Supermarket Company, LLC ("Stop & Shop") hereby files its Notice of Removal of the civil action filed by plaintiff Lionel P. Carreiro ("Carreiro") in the State of Rhode Island Superior Court, Providence County, styled: *Lionel P. Carreiro v. The Stop & Shop Supermarket Company LLC and United Food and Commercial Workers Union Local 328, by and through their President, David P. Fleming and their Secretary/Treasurer, James Riley, Civil Action File No. PC07-1841* (the "State Court Action"). As grounds in support of the Notice of Removal, defendant Stop & Shop states the following:

1. On April 17, 2007 defendant Stop & Shop and defendant United Food and Commercial Workers Union, Local 328, by and through their President, David P. Fleming, and their Secretary/Treasurer, James Riley ("Local 328") received the Summons and Complaint in the State Court Action, true and accurate copies of which are appended hereto as Exhibit A.

2. In the State Court Action, plaintiff Carreiro alleges that he was "unlawfully discharged" by defendant Stop & Shop in October 2006. (Complaint, Tab A at ¶¶ 4 & 7).

Carreiro specifically references the collective bargaining agreement in place between Stop & Shop and defendant Local 328, and attaches as Exhibit 1 to his Complaint what he identifies as "the pertinent portions of said agreement." (Complaint, Tab A at ¶ 5). Carreiro specifically references Article 25, Paragraph H of the collective bargaining agreement (Complaint, Tab A at Exhibit 1) for the proposition that "an employee covered by the agreement shall not be discharged except for just cause." (Complaint, Tab A at ¶ 6).

3. In the State Court Action, plaintiff Carreiro references the "statutory duty of fair representation" which he alleges was breached by Local 328. (Complaint, Tab A at ¶¶ 10 & 12). Carreiro's Complaint details what he alleges to be the actions of Local 328 and Stop & Shop in connection with the processing of a grievance over his discharge. (Complaint, Tab A at ¶¶ 7-11). Carreiro makes specific reference to the "Labor Management Relations Act of 1947, as amended," as both the source of the legal duty and the basis of this civil action. (Complaint, Tab A at ¶ 10).

4. In the State Court Action, Plaintiff Carreiro alleges that:

> As a result of Plaintiff's discharge by Defendant Employer, in violation of Plaintiff's rights under the Collective Bargaining Agreement, and in breach by Defendant Union of its duty of fair representation owing to the Plaintiff and, further, based upon Defendant Union's willful and malicious conduct in having the Plaintiff present his reasons for arbitration when the time limit had clearly expired, Plaintiff has suffered grievous and extensive damages.

(Complaint, Tab A at ¶ 12).

5. Plaintiff Carreiro's cause of action constitutes a so-called "Section 301 hybrid claim," wherein a terminated employee alleges that his former employer breached its obligations under the collective bargaining agreement by terminating his employment, and that his union breached its duty of fair representation in its response to said termination. Plaintiff Carreiro

makes specific reference to the Labor Management Relations Act, and asserts no other causes of action or basis for relief in the State Court Action.

6. Plaintiff Carreiro's action arises under Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185 et. seq. Accordingly, removal of the State Court Action is proper under 28 U.S.C. §§ 1331 and 1441(a) and (b) because it is a civil action arising under the laws of the United States, and is a civil action over which the district court maintains original jurisdiction.

7. Pursuant to 28 U.S.C. § 1446(d), a Notice to plaintiff of defendant's Filing of Notice of Removal will be promptly served on plaintiff and filed with the Clerk of the Rhode Island Superior Court for Providence County. A copy of said notice is attached hereto as Exhibit B.

8. Local 328 agrees with the decision to remove this case to the United States District Court for the District of Rhode Island, as shown by the consent attached hereto as Exhibit C.

WHEREFORE, defendant Stop & Shop Supermarket Company, LLC respectfully requests that this action proceed in this Court as an action properly removed thereto pursuant to the provisions of 28 U.S.C. § 1441 et. seq.

Timothy M. Bliss

Gordon P. Cleary, No. 1948
Timothy M. Bliss, No. 6228
VETTER & WHITE
Attorneys for Defendant Stop & Shop
Supermarket Company, LLC
20 Washington Place
Providence, Rhode Island 02903
(401) 421-3060
(401) 272-6803 FAX
gcleary@vetterandwhite.com
tbliss@vetterandwhite.com

Michael C. Lehane
Thomas W. Colomb
Murphy, Hesse, Toomey & Lehane, LLP
300 Crown Colony Drive, Suite 410
P.O. Box 9126
Quincy, MA 02269-9126
(617) 479-5000
(617) 479-6469 FAX

Dated: May 7, 2007

## CERTIFICATE OF SERVICE

To:

Dennis J. Tente, Esq.
311 Doric Avenue
Cranston, RI 02910

I hereby certify that a copy of the foregoing Defendant Stop & Shop Supermarket Company's Notice of Removal was served upon the above-named counsel of record by mailing first class mail, postage prepaid, on the 7th day of May, 2007.

Lisa A. Lariviere