UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| LIONEL P. CARREIRO, Plaintiff | ) | C.A. No. 07-158S |
| v. | ) | |
| THE STOP & SHOP SUPERMARKET COMPANY, LLC. and UNITED FOOD & COMMERCIAL WORKERS UNION, LOCAL 328, by and through their President, DAVID P. FLEMING and their Secretary/Treasurer, JAMES RILEY, Defendants | ) | |

**ANSWER OF DEFENDANT STOP & SHOP SUPERMARKET COMPANY, LLC**

Pursuant to Fed. Rs. Civ. P. 8 and 12, Defendant Stop & Shop Supermarket Company, LLC ("Stop & Shop") hereby submits its Answer to Plaintiff Lionel P. Carreiro's ("Plaintiff") Complaint, and states as follows:

1. Stop & Shop admits, upon information and belief, that Plaintiff resides in the Town of North Smithfield, Rhode Island.

2. Stop & Shop denies that it is a corporation organized and existing under the laws of the State of Rhode Island. Stop & Shop admits that it operates a supermarket located on Mendon Road in Cumberland, Rhode Island. Stop & Shop denies the remaining averments in Paragraph 2 of the Complaint.

3. Stop & Shop admits that, pursuant to the Article 1 of the collective bargaining agreement in effect between it and Defendant United Food and Commercial Workers Local 328 ("Local 328") at the time of Plaintiff's discharge, Local 328 is the collective bargaining representative of "all Meat, Fish, Delicatessen, Bazaar, Cold Food and Bake-off contiguous to the meat department, and Poultry Department employees of the Company working in the area

constituting the jurisdiction of Local 328 on the date of [said] Agreement." Stop & Shop admits that Local 328 was the collective bargaining representative for Plaintiff. The remaining averments in Paragraph 3 of the Complaint concern the organization and structure of Defendant Local 328 and do not require a response from Stop & Shop. To the extent a response is required, Stop & Shop is without knowledge or information sufficient to form a belief as to the truth of said averments.

4. Stop & Shop admits that Plaintiff commenced employment in June 1987 as a Meat Department employee. Further answering, Stop & Shop admits that during Plaintiff's tenure, he worked in more than one supermarket location, but that his final store assignment was to the supermarket located on Mendon Road in Cumberland, Rhode Island. Stop & Shop admits that Plaintiff was suspended pending termination on September 13, 2006 for violation of the company's Associate Purchase Policy. Stop & Shop denies the remaining averments in Paragraph 4 of the Complaint.

5. Stop & Shop admits that it entered into a collective bargaining agreement with Local 328 effective from February 15, 2004 through February 17, 2007 and that, as a member of Local 328, Plaintiff's employment at Stop & Shop was subject to the provisions of said agreement. Stop & Shop admits, upon information and belief, that copies of portions of said collective bargaining agreement are attached as Exhibit 1 to the Complaint. The remaining averments in Paragraph 5 of the Complaint do not set forth factual allegations, but instead asserts conclusions of law. Accordingly, no response is required. To the extent a response is required, Stop & Shop denies the remaining averments in Paragraph 5 of the Complaint.

6. Stop & Shop states that the averments in Paragraph 6 of the Complaint do not set forth factual allegations, but instead assert conclusions of law and/or Plaintiff's interpretation of the collective bargaining agreement between Stop & Shop and Local 328. Accordingly, no

response is required. To the extent a response is required, Stop & Shop states that the cited portions of the collective bargaining agreement speak for themselves, and denies any contrary interpretation alleged by Plaintiff. Further answering, and to the extent a further response is required, Stop & Shop admits that Article 25 of the collective bargaining agreement addresses termination of employment for various reasons, including but not limited to "discharge[] for just cause." Stop & Shop admits that Article 29 details a procedure for grievance and arbitration, including, (subject to the terms and provisions of said Article), "nonbinding grievance mediation under the auspcies of the FMCS."

7. Stop & Shop admits that Plaintiff's employment was terminated due to his violation of the company's Associate Purchase Policy on September 13, 2006. Stop & Shop admits that Plaintiff's violation of the Associate Purchase Policy on September 13, 2006 included his actions in rewrapping, reducing the price, and subsequently purchasing hot dogs that were "out of code" (i.e., beyond the expiration date). Stop & Shop admits that Plaintiff was questioned by Stop & Shop Loss Prevention personnel on September 13, 2006 relating to this incident, that he was suspended on that date pending termination, that he was advised to contact his Union representative(s), and that he was subsequently discharged. Further answering, Stop & Shop admits that a series of meetings, pursuant to the contractual grievance procedure, were held on September 15, 2006, October 6, 2006, and October 16, 2006. Stop & Shop denies the remaining averments in Paragraph 7 of the Complaint.

8. Stop & Shop admits that a Step 2 meeting was held on October 6, 2006 and that a Step 3 meeting was held on October 16, 2006. Further answering, Stop & Shop admits that Plaintiff was informed on both October 6, 2006 and October 16, 2006 that the Associate Purchase Policy was uniformly enforced, that his employment was terminated, and that he would not be reinstated. Stop & Shop denies the remaining averments in Paragraph 8 of the Complaint.

9. Stop & Shop admits that the Step 3 meeting was the last step of the Article 29 Grievance and Arbitration procedure invoked by Local 328 with respect to Plaintiff's discharge. At this time, Stop & Shop is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's averment that the Step 3 meeting was the "last discussion" between Stop & Shop and Local 328 "with regard to Plaintiff's discharge." The remaining averments in Paragraph 9 of the Complaint do not set forth factual allegations relating to Stop & Shop, but instead relate to the conduct of Local 328 and/or assert conclusions of law or Plaintiff's interpretation of the collective bargaining agreement. Accordingly, no response is required from Stop & Shop. To the extent a response is required, Stop & Shop states as follows: As to the conduct of Local 328 alleged in Paragraph 9, Stop & Shop is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's averments. As to the content of the letter Plaintiff allegedly sent to Local 328, and which is attached to the Compliant as Exhibit 2, Stop & Shop states that the document speaks for itself and denies any contrary interpretation alleged by Plaintiff, and further states that it is without knowledge or information sufficient to form a belief as to the transmission of said letter by Plaintiff or its receipt by Local 328. As to Plaintiff's legal conclusions and/or interpretation of the collective bargaining agreement as set forth in Paragraph 9, Stop & Shop states that the cited portion(s) of the collective bargaining agreement speaks for itself, and denies any contrary interpretation alleged by Plaintiff. Stop & Shop denies the remaining averments in Paragraph 9 of the Complaint.

10. Stop & Shop denies the averments in Paragraph 10 of the Complaint.

11. Stop & Shop states that the averments set forth in Paragraph 11 of the Complaint relate exclusively to the conduct of Local 328 and do not require a response from Stop & Shop. To the extent a response is required, Stop & Shop is without knowledge or information sufficient to form a belief as to the truth of Plaintiff's averments. (Stop & Shop assumes that the reference

to "Defendant Employer" in the final sentence of Paragraph 11 is a typographical error, and that Plaintiff intended to refer to "Defendant Union." To the extent Plaintiff asserts any involvement by Stop & Shop in the events detailed in Paragraph 11, Stop & Shop denies any and all such averments).

12. Stop & Shop denies the averments in Paragraph 12 of the Complaint.

13. Stop & Shop states that the averments in Paragraph 13 of the Complaint do not set forth factual allegations, but instead assert conclusions of law with regard to the jurisdiction of the Rhode Island Superior Court. Accordingly, no response is required from Stop & Shop. To the extent a response is required, Stop & Shop denies that Plaintiff suffered any damage, monetary or otherwise, as a result of its conduct and further states that it is without knowledge or information of the "monetary amount claimed" by Plaintiff.

14. Stop & Shop states that the averments in Paragraph 14 of the Complaint do not set forth factual allegations, but instead assert legal conclusions and/or demands for relief. Accordingly, no response is required. To the extent a response is required, Stop & Shop denies all averments and all requested relief.

15. Stop & Shop states that Plaintiff's "WHEREFORE" recital, including paragraphs numbered (1) through (4) thereunder, does not set forth factual allegations, and instead asserts legal conclusions and/or demands for relief. Accordingly, no response is required. To the extent a response is required, Stop & Shop denies all averments and all requested relief.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

16. The Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

SECOND DEFENSE

17. The Complaint, in whole or in part, is barred by the applicable statute of limitations.

THIRD DEFENSE

18. Plaintiff's recovery against Defendant Stop & Shop is barred because any damage Plaintiff may have suffered was caused by the actions and/or negligence of his collective bargaining representative, not Defendant Stop & Shop.

FOURTH DEFENSE

19. Plaintiff's recovery is barred because any damages or other harm Plaintiff suffered were caused, in whole or in part, by his own intentional and/or negligent conduct.

FIFTH DEFENSE

20. The Complaint is barred, in whole or in part, by the existence of an exclusive contractual remedy; to wit, private arbitration pursuant to the collective bargaining agreement between Stop & Shop and Local 328.

SIXTH DEFENSE

21. The Complaint is barred because Stop & Shop has afforded Plaintiff all of the process and/or remedies accorded to members of Local 328 under the collective bargaining agreement between Stop & Shop and Local 328.

SEVENTH DEFENSE

22. All of the action taken by Stop & Shop with respect to Plaintiff was lawful and in compliance with its rights and obligations as set forth in the collective bargaining agreement between Stop & Shop and Local 328.

EIGHTH DEFENSE

23. Stop & Shop terminated Plaintiff's employment for legitimate, non-discriminatory reasons relating to his performance and constituting "just cause" under the collective bargaining agreement between Stop & Shop and Local 328.

NINTH DEFENSE

24. Plaintiff's recovery is barred, in whole or in part, by the doctrine of unclean hands. Plaintiff was discharged as a result of his own misconduct in violation of Stop & Shop's Associate Purchase Policy.

TENTH DEFENSE

25. The Complaint, in whole or in part, is barred by the failure of Plaintiff and/or his collective bargaining representative to properly and/or timely exhaust contractual remedies and/or timely satisfy applicable prerequisites to filing suit as set forth in the collective bargaining agreement between Stop & Shop and Local 328 and/or applicable rules or practices of Local 328.

ELEVENTH DEFENSE

26. Plaintiff's recovery is barred, in whole or in part, by his failure to mitigate damages.

/s/ Gordon P. Cleary
Gordon P. Cleary, No. 1948
Timothy M. Bliss, No. 6228
VETTER & WHITE
Attorneys for Defendant Stop & Shop
Supermarket Company, LLC
20 Washington Place
Providence, Rhode Island 02903
(401) 421-3060
(401) 272-6803 FAX
gcleary@vetterandwhite.com
tblisss@vetterandwhite.com

Michael C. Lehane
Thomas W. Colomb
Murphy, Hesse, Toomey & Lehane, LLP
300 Crown Colony Drive, Suite 410
P.O. Box 9126
Quincy, Massachusetts 02269-9126
(617) 479-5000
(617) 479-6469 FAX

Dated: May 14, 2007

CERTIFICATE OF SERVICE

To:

Dennis J. Tente, Esq.
311 Doric Avenue
Cranston, RI 02910

Richard M. Peirce, Esq.
Roberts, Carroll, Feldstein & Peirce, Inc.
10 Weybosset Street – 8th Floor
Providence, RI 02903-2808

Betsy Ehrenberg, Esq.
Pyle, Rome, Lichten, Ehrenberg & Liss-Riordan
18 Tremont Street – Suite 500
Boston, MA 02108

I hereby certify that I electronically filed this Answer on May 14, 2007. The Answer is available for viewing and downloading from the Court's Electronic Case Filing system. Service on the above-identified counsel of record will be effectuated by electronic means and by mailing first class mail, postage prepaid, to non-registered parties.

/s/ Gordon P. Cleary