UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| LIONEL CARREIRO,<br>Plaintiff,<br>vs.<br>THE STOP & SHOP SUPERMARKET COMPANY, LLC, and UNITED FOOD & COMMERCIAL WORKERS UNION LOCAL 328,<br>Defendants. | Docket No.: 07-158<br><br>**ANSWER OF DEFENDANT UNITED FOOD & COMMERCIAL WORKERS LOCAL 328** |

Defendant United Food and Commercial Workers Union Local 328 ("Local 328") answers the allegations of the numbered paragraphs of the complaint of Plaintiff Lionel Carreiro as follows:

1. Local 328 is without knowledge as to the residential address of Plaintiff.

2. Local 328 admits that the Stop & Shop Supermarket Company LLC is a duly organized corporation with a principal place of business in Quincy, Massachusetts, and that at all times pertinent to this action it conducted business at a location on Mendon Road, in the Town of Cumberland, Rhode Island. Local 328 is without knowledge and therefore denies the remaining allegations of Paragraph 2.

3. Local 328 admits that it is an unincorporated association under the laws of the State of Rhode Island, that it has its principal place of business at 278 Silver Spring Street, Providence, RI, and that at all relevant times it was the collective bargaining agent of certain employees of the Defendant Stop & Shop Supermarket Company ("the Company"), in the Meat, Fish, Delicatessen, Bazaar, Cold Food, Bake Off, and Poultry departments, except supervisory employees. Local 328 further admits that while employed by the Defendant Company, Plaintiff

was a member of the bargaining unit represented by Local 328. Local 328 denies the remaining allegations of Paragraph 3.

4. Local 328 admits that Plaintiff was employed by the Defendant Company from on or about June 2, 1987, until on or about October 1, 2006. Local 328 denies the remaining allegations of Paragraph 4.

5. Local 328 admits the first sentence of Paragraph 5 of the Complaint. Local 328 admits that true copies of a portion of the collective bargaining agreement ("CBA" or "Agreement") appear as Exhibit 1 to the Complaint. Local 328 admits that the Agreement was entered into for the benefit of employees in the bargaining unit and that Plaintiff, while employed by the Company, was a member of the bargaining unit. Local 328 denies all other allegations of Paragraph 5.

6. Local 328 answers the allegations of Paragraph 6 as follows: The Collective Bargaining Agreement speaks for itself. Local 328 denies all other allegations of Paragraph 6.

7. Local 328 answers the allegations of Paragraph 7 as follows: Local 328 admits that, on information and belief, Plaintiff was questioned by security personnel on or about September 13, 2006, concerning his purchase of a package of hot dogs, that Plaintiff was suspended pending investigation, that Plaintiff contacted a Union Representative, and that on a subsequent date Plaintiff was discharged. Further answering, Local 328 admits that a first step grievance meeting took place on September 16, 2006, attended by the Plaintiff, Union Representative Michael Matias, Store Manager Steve Turchetta, and Customer Service Manager Scott Pichette, at which the Store Manager indicated the disciplinary decision was out of his hands. Local 328 denies or is without knowledge of all other allegations of Paragraph 7.

8. Admitted.

9. Local 328 admits that it received a letter in the form appended as Exhibit 2 to the Complaint sometime after October 23, 2006. Local 328 denies all other allegations of Paragraph 9.

10. Local 328 denies the allegations of Paragraph 10.

11. Local 328 admits that Exhibit 3 to the Complaint is a true copy of a letter dated October 26, 2006, sent by Local 328 President Fleming to the Plaintiff and further states that the letter speaks for itself. Further answering, Local 328 admits that the Plaintiff appeared before the Union's Executive Board on November 6, 2006, and that following that appearance, President Fleming sent a letter to Plaintiff dated November 16, 2006, a true copy of which is appended to the Complaint as Exhibit 4. Local 328 denies all other allegations of Paragraph 11.

12. Local 328 denies the allegations of Paragraph 12.

13. Paragraph 13 states a conclusion of fact and law. Local 328 is without knowledge of the monetary amount claimed, denies any liability therefor, and does not answer the legal conclusion asserted at this time.

14. Paragraph 14 is a request for relief that requires no response from Local 328.

AFFIRMATIVE DEFENSES

Local 328 asserts the following affirmative defenses:

1. Plaintiff has failed to state a claim on which relief can be granted.

2. Plaintiff's claims are time-barred.

3. Every action Local 328 took with respect to representing Plaintiff was taken based on lawful reason.

4. Plaintiff's claim for damages is barred, in whole or in part, by Plaintiff's failure to mitigate damages.

5. Any harm or damages as Plaintiff may have incurred on account of his termination from employment are attributable in the first instance to Plaintiff's own conduct.

6. Any harm or damages as Plaintiff may have incurred on account of his termination from employment were caused by the actions of Defendant Stop & Shop and not by the actions of Local 328, which had no control over Plaintiff's former employer's actions.

Respectfully submitted,

UNITED FOOD & COMMERCIAL WORKERS UNION LOCAL 328,

By its attorneys,

Betsy Ehrenberg

Betsy Ehrenberg, Mass. BBO #554628
*Pyle, Rome, Lichten, Ehrenberg & Liss-Riordan, PC*
18 Tremont Street, Suite 500
Boston, MA 02108
617-367-7200
617-367-4820 (fax)

Dated: May 14, 2007

/s/ *Richard M. Peirce*

Richard M. Peirce, RI Bar # 0564
Roberts, Carroll, Feldstein & Peirce, Inc.
10 Weybosset Street, 8th Floor
Providence, RI 02903-2808
401-521-7000
401-521-1328 (fax)

Dated: May 14, 2007

Certificate of Service

I hereby certify that on this 14th day of May, 2007, the within document was filed electronically through the ECF System, where it is available for viewing and downloading and will be sent electronically to the counsel of record listed below who are registered participants identified on the Notice of Electronic Filing:

Timothy M. Bliss, Esq.
Gordon P. Cleary, Esq.
Vetter & White
20 Washington Place
Providence, RI 02903
tbliss@vetterandwhite.com
gcleary@vetterandwhite.com

and the following counsel of record who are not registered have been served by First Class U.S. mail, postage prepaid:

Dennis J. Tente, Esq.
Coletti & Tente
311 Doric Avenue
Cranston, RI 02910

Michael C. Lehane, Esq.
Thomas W. Colomb, Esq.
Murphy, Hesse, Toomey & Lehane, LLP
300 Crown Colony Drive, Suite 410
P. O. Box 9126
Quincy, MA 02269-9126

/s/ Richard M. Peirce

Richard M. Peirce