**UNITED STATE DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| LIONEL P. CARREIRO<br>Plaintiff<br><br>VS.<br><br>THE STOP & SHOP SUPERMARKET COMPANY, LLC. and UNITED FOOD & COMMERCIAL WORKERS UNION, LOCAL 328, by and through their President, DAVID P. FLEMING, and their Secretary/Treasurer, JAMES RILEY<br>Defendants | ) | C.A. NO. 07-158S |

**PLAINTIFF'S STATEMENT OF CLAIMS**

In accordance with Rule 16(c) of this Court's Local Rules, Plaintiff submits the following statement listing those elements he must establish to prevail upon his claim. This Court has jurisdiction under Section 301 of the LMRA (29 USC §185), and Plaintiff was an employee subject to a Collective Bargaining Agreement. Defendant Employer and Defendant Union are an employer and labor organization respectively in an industry affecting commerce. Venue is appropriate and Plaintiff's Complaint includes as Exhibits thereto contractual provisions relating to discharge, grievance procedures and arbitration. Plaintiff has alleged his discharge without just cause and the failure of the Defendant Union to properly represent him. The Defendant Union did not exhaust grievance procedures and Plaintiff has been damaged as a result.

Quite clearly there was a perfunctory refusal by the Defendant Union to take the Plaintiff's case to arbitration. But, according to the language of the Collective Bargaining Agreement, neither the Defendant Union nor the Defendant Employer had the option of not arbitrating the Plaintiff's grievance. In accordance with Article 29 of the Collective Bargaining Agreement, the first step of the grievance procedure is at the employee's

Law Offices
COLETTI & TENTE
311 Doric Avenue
Cranston, RI 02910
(401) 941-4050
Fax (401) 941-2130

option. Once the employee reports his grievance to the Union Steward, all subsequent steps through the arbitration process are mandatory.

> Second Step - If the grievance is not settled, the Union Representative shall meet with the Company's Market Supervision and attempt to settle the grievance.
>
> Third Step - If the grievance is not settled, the grievance shall be referred to the Company's Labor Relations Division. The Labor Relations Division shall discuss the grievance with the Union Representative and Steward and endeavor to settle the grievance; in the event the grievance is not settled in the third step, it shall be submitted to arbitration in accordance with Section 2.
>
> SECTION 2 - ARBITRATION PROCEDURE
> In the event that the Company and the Union are unable to settle a grievance, then seven (7) days after last discussion between the Company and the representative of the Union the grievance shall be referred to the American Arbitration Association whose decision shall be final and binding on both parties. The Arbitrator shall have no authority or power to add to, detract from, or alter in any way the provisions of this Agreement.

Both the Defendant Employer and the Defendant Union breached the Collective Bargaining Agreement to the detriment of the Plaintiff, in his capacity as a third party beneficiary of the Collective Bargaining Agreement.

Finally, after the third step of the grievance process was completed on October 16, 2006, the Defendant Union scheduled a meeting with the Plaintiff on November 6, 2006 at 7:15 p.m. to allegedly decide whether the Union would request arbitration. Under the Collective Bargaining Agreement, the Defendant Company and Defendant Union were mandated to refer the grievance to the American Arbitration Association within 7 days of October 16, 2006. Plaintiff attended the meeting and on November 16, 2006, a letter was forwarded to the Plaintiff indicating that the Executive Board voted unanimously to deny any further action on the grievance. The meeting was a sham and was certainly conducted in bad faith by the Defendant Union. The Defendant Union knew that Plaintiff was foreclosed from either arbitration or nonbinding grievance mediation

Law Offices
COLETTI & TENTE
311 Doric Avenue
Cranston, RI 02910
(401) 941-4050
Fax (401) 941-2130

prior to the meeting of November 6, 2006. As a result, the Defendant Union certainly acting in reckless disregard of the Defendant's rights under the Collective Bargaining Agreement, breached its duty of fair representation.

Respectfully submitted,

Plaintiff, LIONEL P. CARREIRO
By his Attorney,

Dennis J. Tente

DENNIS J. TENTE, ESQ. #1949
**COLETTI & TENTE**
311 Doric Ave.
Cranston, RI 02910
Tel: (401) 941-4050
Fax: (401) 941-2130

**CERTIFICATION**

I hereby certify that true copies of the within Plaintiff's Statement of Claims were sent to Gordon P. Cleary, Esq. and Timothy M. Bliss, Esq., **VETTER & WHITE**, 20 Washington Pl., Providence, RI 02903, Richard M. Peirce, Esq., **ROBERTS, CARROLL, FELDSTEIN & PEIRCE, INC.**, 10 Weybosset St., 8th Fl., Providence, RI 02903-2808, Betsy Ehrenberg, Esq., **PYLE, ROME, LICHTEN, EHRENBERG & LISS-RIORDAN, P.C.**, 18 Tremont St., Suite 500, Boston, MA 02108, Michael C. Lehane, Esq. and Thomas W. Colomb, Esq., **MURPHY, HESSE, TOOMEY & LEHANE, LLP**, 300 Crown Colony Dr., Suite 410, P. O. Box 9126, Quincy, MA 02269-9126, via facsimile this 25th day of May, 2007.

Jeanne Catanzaro