UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

Docket No. 07-158S

LIONEL P. CARREIRO,

Plaintiff,

v.

THE STOP & SHOP SUPERMARKET COMPANY, LLC. and UNITED FOOD & COMMERCIAL WORKERS UNION, LOCAL 328, by and through their President, DAVID P. FLEMING and their Secretary/Treasurer, JAMES RILEY,

Defendants.

**AFFIDAVIT OF JOEL BOONE**

Now comes the Affiant and first being duly sworn deposes and says that:

1. My name is Joel A. Boone, I reside in Kingston, Massachusetts, and I am employed at The Stop & Shop Supermarket Company, LLC as Vice President, Labor Relations. I've worked for Stop & Shop since 1985, in a management capacity in labor relations.

2. I graduated from Georgetown University Law School in 1983 and am a member in good standing of the bar of the Commonwealth of Massachusetts and State of Connecticut.

3. In my capacity as Vice President, Labor Relations I have particular responsibility for the administration of the collective bargaining agreements and grievance procedures which cover employees in New England including those in Rhode Island.

4. In the discharge of my duties, I have access to various business records of the Company including the collective bargaining agreements between the Company and the various unions which represent its employees and also including grievance documents and relevant personnel files.

5. It is part of the duties of my present position to be familiar with the policies of the Company with regard to personnel and labor relations matters and I am quite familiar with the Company's policies and practices as regards implementation of the various collective bargaining agreements particularly in New England.

6. Stop & Shop has been in business (although the corporate legal entities have changed over the years) for about 90 years. At present, the Company employs about 100,000 part-time and full-time employees. The Company is considered to be a "wall to wall union company" with virtually all of its employees except exempt supervisors and managers included within bargaining units and covered by collective bargaining agreements.

7. The records of the Company to which I have access have made it clear to me that for at least the last 60 years the Company has had an Employee Purchase Policy (although it is now captioned "Associate Purchase Policy") which governs purchases and use by employees of merchandise of the Company.

8. In its essence and as it relates to this case, the Company's policy is that employees must pay the full retail price for all merchandise before taking or removing it, that they may not take or remove damaged, broken or out of code merchandise and they may not wait upon themselves, purchase out of code product, or purchase reduced merchandise until after it has been made available to the public. This policy and practice applies uniformly to all employees including those in bargaining units, non-bargaining unit supervisors and managers, security employees and all others.

9. When a provable violation of the policy occurs as was undisputed by Mr. Carreiro, the Company's unvarying disciplinary response had been to terminate the employee without regard to the value of the merchandise involved or the length or quality of the employee's prior service.

10. The Company's policy of termination as the appropriate disciplinary response has been upheld over the years by arbitrators appointed through the procedures of the American Arbitration Association and the Employment Relations Boards of every jurisdiction where we do business. Such arbitrators have commented on numerous occasions about the uniformity and consistency of the Company's policy and have commented that it is justified and consistent with the "just cause" standard.

11. Attached to this Affidavit as Exhibit 1 is a copy of the collective bargaining agreement between the Company and Local Union 328, UFCW which was in effect at the time that Mr. Carriero was terminated from his employment. I participated in the negotiation of this Agreement, and a number of predecessor Agreements between Local 328 and the Company.

12. Exhibit 2 to this Affidavit is a copy of the report that was submitted by loss prevention Detective Robert Di Sano which describes the factual situation which resulted in Mr. Carriero's discharge.

13. Exhibit 3 to this Affidavit is a copy of the records of the Step 1 grievance procedure which occurred on September 15, 2006. A true and accurate copy of the Associate Purchase Policy in effect at the time of Carreiro's discharge is attached to the notes of Step 1 grievance.

14. Exhibit 4 to this Affidavit is a copy of the record of the Step 2 grievance procedure which occurred on October 6, 2006 (although it is misdated as 10/06/2007).

15. Attached as Exhibit 5 to this Affidavit is a copy of the notes of the Step 3 grievance procedure which occurred on October 16, 2006 regarding Mr. Carriero's discharge.

16. Attached as Exhibit 6 are copies of two iterations of the Employee Purchase Policy which were signed by Mr. Carreiro on two different occasions, and which are included in his personnel file; these are referenced in the step 1 grievance notes at Exhibit 3.

17. It is quite clear to me from the grievance records of this case, including the initial report of DiSano that Mr. Carreiro admitted and never disputed the operative facts which constituted a violation of the Cmpany's policy regarding employee purchase, and that he did so for his personal benefit.

18. Each and every exhibit to this Affidavit is a true and exact copy of a record of this Company which is kept in the normal course of business.

Signed under the pains and penalties of perjury this 12th day of October, 2007.

Joel A. Boone

Joel A. Boone

Norfolk SS Quincy, Massachusetts

Then personally appeared before me the said Joel A. Boone, who is personally known to me and satisfactorily identified, and made oath to the truth of the foregoing Affidavit.

Joline F. Kelley
Notary Public, my commission expires________________

JOLINE F. KELLEY
Notary Public
Commonwealth of Massachusetts
My Commission Expires Dec 24, 2010

415842v1

CERTIFICATE OF SERVICE

To:

Dennis J. Tente, Esq.
311 Doric Avenue
Cranston, RI 02910

Richard M. Peirce, Esq.
James A. Musgrave, Esq.
Roberts, Carroll, Feldstein & Peirce, Inc.
10 Weybosset Street – 8th Floor
Providence, RI 02903-2808

Betsy Ehrenberg, Esq.
Pyle, Rome, Lichten, Ehrenberg & Liss-Riordan
18 Tremont Street – Suite 500
Boston, MA 02108

Michael C. Lehane, Esq.
Thomas W. Colomb, Esq.
Murphy, Hesse, Toomey & Lehane, LLP
300 Crown Colony Drive - Suite 410
P.O. Box 9126
Quincy, MA 02269-9126

I hereby certify that I electronically filed the affidavit motion on October 15, 2007. The affidavit is available for viewing and downloading from the Court's Electronic Case Filing system. Service on the above-identified counsel of record will be effectuated by electronic means and by mailing first class mail, postage prepaid, to non-registered parties.

/s/ Gordon P. Cleary