**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| LIONEL P. CARREIRO<br>Plaintiff<br><br>VS.<br><br>THE STOP & SHOP SUPERMARKET COMPANY, LLC and UNITED FOOD & COMMERCIAL WORKERS UNION, LOCAL 328, by and through their President, DAVID P. FLEMING, and their Secretary/Treasurer, JAMES RILEY<br>Defendants | ) | C.A. NO. 07-158S<br><br>**STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF PLAINTIFF'S, LIONEL P. CARREIRO, OBJECTION TO MOTIONS FOR SUMMARY JUDGMENT BY DEFENDANTS, THE STOP & SHOP SUPERMARKET COMPANY, LLC AND UNITED FOOD & COMMERCIAL WORKERS UNION, LOCAL 328** |

In accordance with Local Rule 56(a)(4), Plaintiff, LIONEL P. CARREIRO, submits the following Statement of Undisputed Facts which Plaintiff contends clearly preclude Summary Judgment. Plaintiff avers that there are general issues of material fact that Defendant Stop & Shop lacked just cause for his termination, and that Defendant Local 328 breached its duty of fair representation by its perfunctory representation and its further failure to arbitrate the Plaintiff's termination grievance.

1. Section 2 of Article 29 of the Collective Bargaining Agreement provides that "[i]n the event that the company and the Union are unable to settle a grievance, then seven (7) days after last discussion between the company and the representative of the Union the grievance shall be referred to the American Arbitration Association whose decision shall be final and binding on both parties." Collective Bargaining Agreement at Page 31, attached as Exhibit 1 of the Affidavit of Stop & Shop witness Joel Boone. Further, under Section 2, after a demand for arbitration has been filed, the parties may engage in voluntary grievance mediation. Id.

Law Offices
COLETTI & TENTE
311 Doric Avenue
Cranston, RI 02910
(401) 941-4050
Fax (401) 941-2130

2. David Fleming, President of Local 328 has observed that on a violation of Associate Purchase Policies, Stop & Shop immediately suspends the employee pending termination and ultimately terminates the employee. Local 328 accepts this policy indicating that it serves the interest of the Union as well as the Company. David Fleming Affidavit attached to Defendant's Local 328 Motion for Summary Judgment paragraphs 14 and 15.

3. As a result, Local 328 has never arbitrated a single grievance of an employee terminated for violating one of the Associate Purchase Policies. Fleming Affidavit, Paragraph 17.

4. On June 2, 1987, Lionel P. Carreiro signed an Employee Purchase Policy which indicated, "Failure to comply with the Employee Purchase Policy will result in dismissal." Exhibit 2 attached to Affidavit of Lionel P. Carreiro.

5. The present Associate Purchase Policy which was posted next to the time clock in the Cumberland Store indicates "Failure to follow the Associate Purchase Policy <u>may result in disciplinary action</u>, (my emphasis) up to and including termination of employment." Exhibit 1 attached to Affidavit of Lionel P. Carreiro.

6. As indicated in Paragraph 1 herein, Section 2 of Article 29 of the Collective Bargaining Agreement (CBA) indicates that after a demand for arbitration has been filed, the parties may engage in voluntary grievance mediation.

7. It was Lionel P. Carreiro's understanding for years that if the Meat Department Manager and the head meat cutter were not on duty, the full-time employee on duty would function as the Meat Department Manager. Lionel P. Carreiro Affidavit, Paragraph 2.

8. On September 13, 2006, Mr. Carreiro was accused of violating the Associate Purchase Policy when he re-wrapped three (3) pounds of hot dogs, reduced the price to

Law Offices
COLETTI & TENTE
311 Doric Avenue
Cranston, RI 02910
(401) 941-4050
Fax (401) 941-2130

69 cents per pound and had the meat wrapper endorse the discounted price. Exhibit 4 attached to Lionel P. Carreiro Affidavit.

9. The Meat Department Manager and the head meat cutter were not on duty on September 13, 2006 and Mr. Carreiro understood that he was the person in charge of the Meat Department. Carreiro Affidavit, Paragraph 4.

10. During Mr. Carreiro's nineteen (19) years at Stop & Shop, he has probably worked at over twenty (20) locations. Personnel in the Meat Department worked as a team in all locations and on numerous occasions, slightly out-of-code items were re-coded for a day or two with the approval of the Meat Department Manager. Carreiro Affidavit, Paragraph 9.

11. Also, on numerous occasions, Meat Department employees would re-wrap and re-price slightly out-of-code items and personally purchase them. This was done with the knowledge and approval of Meat Department Managers in order to reduce shrink. (Obtaining money for slightly out-of-code items rather than throwing them away and taking a total loss.) Carreiro Affidavit, Paragraph 10.

12. Items like bacon and hot dogs which were either salted, cooked, or both, but were slightly out-of-code would almost always be re-coded, and sold to both the public and Stop & Shop employees with the approval of the Meat Department Manager. Carreiro Affidavit, Paragraph 11.

13. In the past, Mr. Carreiro had been contacted by Store Managers during the work day and told to cut certain portions of meat for them. He was told to cut the portions and hold them for later purchase by the Store Manager; clearly in violation of Paragraph 10 of the Associate Purchase Policy. Also, out-of-code items were sent to the Food Bank. Carreiro Affidavit, Paragraph 12.

14. Store Managers were never involved with purchases from the Meat Department

Law Offices
COLETTI & TENTE
311 Doric Avenue
Cranston, RI 02910
(401) 941-4050
Fax (401) 941-2130

nor in nineteen (19) years of employment at Stop & Shop, had any Supervisor ever told Mr. Carreiro to get the approval for any type of purchase from a Store Manager. Exhibit 7 to Affidavit of Lionel P. Carreiro.

15. Although Mr. Carreiro indicated the employee purchase practices by all employees including Store Managers on a daily basis to Mr. Matias and Mr. Pontarelli, Local 328 conducted absolutely no investigation either prior to or during the three (3) grievance meetings. Carreiro Affidavit, Paragraph 16.

16. Based upon the fact that Local 328 had never arbitrated a grievance based on a violation of Employee Purchase Policies, David Fleming Affidavit, Paragraph 17, and that there was absolutely no investigation that the policies were violated on a daily basis and never enforced, Carreiro Affidavit, Paragraph 16, Local 328 virtually rolled over and played dead exhibiting bad faith regarding its duty to fairly represent Mr. Carreiro.

17. Although President Fleming, along with Mr. Pontarelli, Mr. Matias and Director of Field Services, Ellen Jordan, initially determined that Mr. Carreiro's grievance would not be taken to arbitration, Local 328 Statement of Undisputed Facts, Paragraphs 40 and 41, they all participated in and voted on Mr. Carreiro's appeal of their initial decision. Exhibit 4 to the Affidavit of David P. Fleming. The appeal of the initial decision not to arbitrate was essentially a "sham" as was the entire grievance procedure in Mr. Carreiro's case.

Respectfully submitted,
LIONEL P. CARREIRO
By his Attorney,

Dennis J. Tente

DENNIS J. TENTE, ESQ. #1949
**COLETTI & TENTE**
311 Doric Ave.
Cranston, RI 02910
941-4050

November 21, 2007

Law Offices
COLETTI & TENTE
311 Doric Avenue
Cranston, RI 02910
(401) 941-4050
Fax (401) 941-2130