**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| LIONEL P. CARREIRO<br>Plaintiff<br><br>VS.<br><br>THE STOP & SHOP SUPERMARKET COMPANY, LLC and UNITED FOOD & COMMERCIAL WORKERS UNION, LOCAL 328, by and through their President, DAVID P. FLEMING, and their Secretary/Treasurer, JAMES RILEY<br>Defendants | ) | C.A. NO. 07-158S<br><br>**PLAINTIFF'S, LIONEL P. CARREIRO, STATEMENT OF DISPUTED FACTS** |

In accordance with Local Rule Cv 56(a)(4), Plaintiff, LIONEL P. CARREIRO, respectfully submits the following indicating that his Statement of Undisputed Facts effectively disputes certain facts which Defendant, THE STOP & SHOP SUPERMARKET COMPANY, LLC (Stop & Shop) and Defendant, UNITED FOOD & COMMERCIAL WORKERS UNION, LOCAL 328 (Local 328), indicate are undisputed facts.

A. Stop & Shop Undisputed Facts/Plaintiff disputes the following:

1. Paragraph 7 wherein Stop & Shop indicates "Carreiro further admitted that he had a part-time Meat Clerk, who did not have authority to mark down products, write 'okay' on the package." Plaintiff avers that the part-time Meat Clerk had authority to mark down the product.

2. Plaintiff disputes Paragraph 9. For the nineteen (19) year period that Plaintiff has been employed by Stop & Shop, the Employee Purchase Policies have been flexible, and have been deviated from by all employees up to Store Managers.

3. See objection in Paragraph 2 herein.

4. Plaintiff disputes Paragraph 12. The Associate Purchase Policy changed the penalty indicating that failure to follow the policy would result in disciplinary action,

Law Offices
COLETTI & TENTE
311 Doric Avenue
Cranston, RI 02910
(401) 941-4050
Fax (401) 941-2130

including termination of employment. Clearly, suspension for a period of time could have been argued before an Arbitrator.

5. Plaintiff disputes Paragraph 15. The Associate Purchase Policy, which was posted at the employee time clock, does not provide for an unvarying disciplinary response of terminating the employee.

6. Plaintiff disputes Paragraph 16. Please see the response in Paragraph 5 indicated herein.

7. Plaintiff disputes both the relevancy and the accuracy of Paragraph 17. It is undisputed that both Defendants herein have never arbitrated an Employee Purchase Policy violation between each other which is the only issue that is relevant in this particular matter.

8. Plaintiff disputes Paragraphs 20, 21 and 22. Plaintiff avers that the facts upon which the company had determined that his discharge was required have always been disputed. Plaintiff again disputes that the present Associate Purchase Policy provides only for termination.

B. Local 328 Undisputed Facts/Plaintiff disputes the following:

1. Plaintiff disputes the allegation in Paragraph 13 that Stop & Shop strictly and consistently enforces its policies requiring employees to pay full price for merchandise, prohibiting the purchase or taking from the store of out-of-code product and prohibiting self-dealing by employees. As indicated in Plaintiff's Statement of Undisputed Facts, these policies have not been strictly enforced throughout Plaintiff's nineteen (19) years with Stop & Shop.

2. Plaintiff disputes Paragraph 15 as to the relevance of the business practices of retailers other than Stop & Shop and the allegation that Arbitrators uphold terminations of employees found to have violated purchase policies. It is undisputed that Local 328

Law Offices
COLETTI & TENTE
311 Doric Avenue
Cranston, RI 02910
(401) 941-4050
Fax (401) 941-2130

has never arbitrated a Purchase Policy violation with Stop & Shop.

3. Plaintiff disputes Paragrah 17. Paragraph 17 indicates that a Union Member at an Almacs' store was terminated for eating a single cookie on the retailers premises without paying for it. Plaintiff disputes the relevancy of this statement in that there is no allegation that the Plaintiff was stealing, and in fact, he was paying for merchandise that was going to be thrown out.

4. Plaintiff disputes Paragraph 24. Plaintiff disputes the allegation that Store Manager, Turchetta, stated that previously he had instructed Mr. Carreiro that Mr. Carreiro was not in charge under the circumstances indicated within Paragraph 24.

5. Plaintiff disputes Paragraphs 30 and 31. Plaintiff disputes the allegation that no Company Manager would have approved the sale of out-of-code meat due to potential health hazards. Plaintiff has indicated in his Undisputed Facts that Meat Managers would jump code out-of-code products on a daily basis. Plaintiff further disputes the allegation or representation that he indicated that everything was all his fault.

6. Plaintiff disputes Paragraph 33. There is no indication in Local 328's Third Step Meeting notes of any request by Mr. Dickie to name examples of other employees or other stores where out-of-code product was sold.

7. Plaintiff disputes Paragraphs 35 and 36. Plaintiff has indicated in his Undisputed Facts that it was his understanding that he was the person in charge of the Department. Further, for years the Meat Wrapper would initial any packages where prices had been reduced.

8. Plaintiff disputes Paragraph 47. Plaintiff has indicated in his Undisputed Facts that it was company practice, approved by Meat Department Managers in various stores, that meat products could be marked down in order to avoid substantial financial loss. Mr. Carreiro had no recall of any Company Meat Manager warning him about his

Law Offices
COLETTI & TENTE
311 Doric Avenue
Cranston, RI 02910
(401) 941-4050
Fax (401) 941-2130

practices in marking down meat.

Respectfully submitted,
LIONEL P. CARREIRO
By his Attorney,

Dennis J. Tente
DENNIS J. TENTE, ESQ. #1949
**COLETTI & TENTE**
311 Doric Ave.
Cranston, RI 02910
941-4050

November 21, 2007

Law Offices
COLETTI & TENTE
311 Doric Avenue
Cranston, RI 02910

(401) 941-4050
Fax (401) 941-2130