UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| LIONEL P. CARREIRO, Plaintiff | ) | Docket No. 07-158S |
| v. | ) | |
| THE STOP & SHOP SUPERMARKET COMPANY, LLC, and UNITED FOOD & COMMERCIAL WORKERS UNION, LOCAL 328, by and through their President, DAVID P. FLEMING and their Secretary/Treasurer, JAMES RILEY, Defendants | ) | |

**DEFENDANT STOP & SHOP SUPERMARKET COMPANY, LLC'S MOTION TO STRIKE PORTIONS OF PLAINTIFF LIONEL P. CARREIRO'S AFFIDAVIT**

Defendant Stop & Shop Supermarket Company, LLC ("Stop & Shop") hereby moves to strike paragraphs 2, 4, 9,[1] 10, 11, 12, 15, 19 and 20 and Exhibit 7 of Plaintiff Lionel P. Carreiro's Affidavit, on the basis that Mr. Carreiro's statements in these paragraphs and the letter appended as Exhibit 7 are conclusory, non-specific, and without foundation, and cannot support a motion for summary judgment.

Stop& Shop files herewith a supporting memorandum of law.

/s/ Timothy M. Bliss
Gordon P. Cleary, No. 1948
Timothy M. Bliss, No. 6228
VETTER & WHITE
Attorneys for Defendant Stop & Shop Supermarket Company, LLC
20 Washington Place
Providence, Rhode Island 02903
(401) 421-3060
(401) 272-6803 FAX
gcleary@vetterandwhite.com
tbliss@vetterandwhite.com

[1] Stop & Shop only seeks to have the second sentence of Paragraph 9 stricken.

Michael C. Lehane (Admitted *Pro Hac Vice*)
Thomas W. Colomb (Admitted *Pro Hac Vice*)
Murphy, Hesse, Toomey & Lehane, LLP
300 Crown Colony Drive, Suite 410
P.O. Box 9126
Quincy, Massachusetts 02269-9126
(617) 479-5000
(617) 479-6469 FAX

Dated: December 17, 2007

CERTIFICATE OF SERVICE

To:

Dennis J. Tente, Esq.
311 Doric Avenue
Cranston, RI 02910

Richard M. Peirce, Esq.
James A. Musgrave, Esq.
Roberts, Carroll, Feldstein & Peirce, Inc.
10 Weybosset Street – 8th Floor
Providence, RI 02903-2808

Betsy Ehrenberg, Esq.
Pyle, Rome, Lichten, Ehrenberg & Liss-Riordan
18 Tremont Street – Suite 500
Boston, MA 02108

Michael C. Lehane, Esq.
Thomas W. Colomb, Esq.
Murphy, Hesse, Toomey & Lehane, LLP
300 Crown Colony Drive - Suite 410
P.O. Box 9126
Quincy, MA 02269-9126

I hereby certify that I electronically filed the within motion on December 17, 2007. The motion is available for viewing and downloading from the Court's Electronic Case Filing system. Service on the above-identified counsel of record will be effectuated by electronic means and by mailing first class mail, postage prepaid, to non-registered parties.

/s/ Timothy M. Bliss

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| LIONEL P. CARREIRO,<br>Plaintiff<br><br>v.<br><br>THE STOP & SHOP SUPERMARKET COMPANY, LLC, and UNITED FOOD & COMMERCIAL WORKERS UNION, LOCAL 328, by and through their President, DAVID P. FLEMING and their Secretary/Treasurer, JAMES RILEY,<br>Defendants | ) | Docket No. 07-158S |

**DEFENDANT STOP & SHOP SUPERMARKET COMPANY, LLC'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO STRIKE PORTIONS OF PLAINTIFF LIONEL P. CARREIRO'S AFFIDAVIT**

## I. INTRODUCTION

Defendant Stop & Shop Supermarket Company, LLC ("Stop & Shop"), hereby moves to strike paragraphs 2, 4, 9[1], 10, 11, 12, 15, 19 and 20 and Exhibit 7 of Plaintiff Lionel P. Carreiro's Affidavit ("Carreiro Affidavit") in Support of his Objection to Stop & Shop's Motion for Summary Judgment ("Objection"). Mr. Carreiro's statements in these paragraphs and the letter appended as Exhibit 7 are conclusory, non-specific, and without foundation, and cannot support a motion for summary judgment.

## II. ARGUMENT

The question of admissibility of an affidavit is governed by Fed. R. Civ. P. 56(e), which provides that "[s]upporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." Moreover, "even statements that purport to be based on personal knowledge may fail to satisfy Rule 56(e) if they are 'too

[1] Stop & Shop only seeks to have the second sentence of Paragraph 9 stricken.

amorphous.'" Siegemund v. Shapland, 307 F.Supp.2d 113, 117-18 (D.Me 2004) (citing also to 11 James Wm. Moore, et al., Moore's Federal Practice ¶56.14[1][d] (3d ed. 1997) for proposition that "[t]he affidavit, in addition to presenting admissible evidence, must be sufficiently specific to support the affiant's position"). Rule 56(e) requires that a party opposing summary judgment "set forth specific facts showing that there is a genuine issue for trial."

Paragraphs 9-12 and 15[2] and 19 of the Carreiro Affidavit make a series of general assertions that Mr. Carreiro had "on numerous occasions" or "in the past" observed violations of several provisions of the Employee Purchase Policy by unspecified supervisors or employees of unspecified Stop & Shop Meat Departments. The Affidavit does not relay any specific instances of violations and fails to provide dates or locations or names. Under Rule 56(e), these assertions are inadmissible, as a discussion of federal case law, *infra*, establishes.

In Perez v. Volvo Car Corporation, 247 F.3d 303, 315-318 (1st Cir. 2001), the First Circuit Court of Appeals held similarly non-specific assertions in an affidavit to be inadmissible to overcome summary judgment. The case turned on whether the defendant, Volvo, could be implicated, by showing knowing and purposeful participation in a fraudulent scheme allegedly perpetrated by two companies, Trebol and AUM, involving issuance of certain debt guarantees. To make this showing, the affiant asserted that "[f]rom my personal discussions with various Volvo representatives, I know that Volvo was fully aware of the relationship between Trebol and AUM, including the nature and amount of the guarantees." The First Circuit held as follows:

> If admissible, these statements are little short of damning. We conclude, however, that they cannot be considered. Although the statements purport to be based on personal knowledge, they are totally lacking in specificity

---

[2] Stop & Shop additionally notes that Mr. Carreiro's statements in paragraph 20 and the second sentence of paragraph 15 ("my purchase did not constitute good cause to terminate me from my employment") relate legal conclusions or opinions, not facts, and have no place in an affidavit. See Ahmad v. Berkshire Medical Ctr., 201 F.3d 426, 1999 WL 1319005 (1st Cir. 1999) (unpublished opinion) (stating that legal conclusions were properly stricken from summary judgment affidavit).

> about the identity of the "Volvo representatives" with whom Gonzalez ostensibly spoke, when those alleged conversations occurred, what was said . . . and how Gonzalez "kn[e]w" the extent of Volvo's knowledge. Affidavits purporting to describe meetings or conversations need not spell out every detail, but to receive weight at the summary judgment stage they must meet certain rudiments. Statements predicated upon undefined discussions with unnamed persons at unspecified times are simply too amorphous to satisfy the requirements of Rule 56(e), even when proffered in affidavit form by one who claims to have been a participant.

247 F.3d at 316 (internal citations omitted). The First Circuit added that "gauzy generalities are not eligible for inclusion in the summary judgment calculus." Id. at 317.

In another example, in Dodi v. Putnam Companies, 94 F.3d 640, 1996 WL 489998 (1st Cir. 1996) (unpublished opinion), the First Circuit affirmed the grant of a motion to strike similarly vague assertions in a summary judgment opposition. In Dodi, the plaintiff asserted in support of an employment discrimination claim that, *inter alia*, a supervisor had "made fun of Dodi's accent and imitated him at meetings and during casual conversations." The First Circuit found that the "statements in the paragraph are conclusory and lack specificity" and were therefore properly stricken by the District Court. Id. at *2. The Court further concluded that an assertion to the effect that another supervisor had "altered his behavior towards Dodi, . . . no longer said positive things about Dodi's job performance, and . . avoided talking with Dodi" was properly stricken because affiant "does not give specific incidents, place them in time." Id. at *5. Similarly, in Cadle Company. v. Hayes, 116 F.3d 957, 961 (1st Cir. 1997), the First Circuit held that an affiant's "innuendoes" were "inadequate to block summary judgment" where they were based on "gauzy generalities" that omitted the "when or how" of a purportedly consummated arrangement. 116 F.3d at 961. The Court further stated that an assertion that there had been "numerous conversations" could not pass muster in the proceedings where the affiant "nowhere relates the details of any such conversations." Id. *See also* Wallace v. Texas Tech Univ., 80 F.3d 1042, 1048 n.6 (5th Cir. 1996) (statement by party opposing summary judgment to

the effect that African-American players were addressed with hostile language whereas white players were not was "vague and conclusory" and not sufficient to avoid summary judgment where party did not offer "what was said, to whom it was said, or even who made the comments").

Nowhere in paragraphs 9 through 12, 15 and/or 19 does Mr. Carreiro provide the details as to specific instances where the Employee Purchase Policy was violated. He does not specify location, he does not specify date, he does not specify the responsible employee or manager, and he does not state the exact nature of the purported violation. His assertions are based entirely on "gauzy generalities." They are premised on undefined actions by "unnamed persons at unspecified times" and are accordingly, in the words of the First Circuit, "simply too amorphous to satisfy the requirements of Rule 56(e), even when proffered in affidavit form by one who claims to have been a participant." Volvo, 247 F.3d at 316.

It is important to note that Mr. Carreiro's references in the Affidavit to a letter to his attorney and to notes from the grievance hearings do nothing to provide foundation for his otherwise inadmissible assertions. Mr. Carreiro references in Paragraph 19 and attaches as Exhibit 7 to his Affidavit a letter in which he makes many of the same assertions regarding violations of the Employee Purchase Policy. The statements in the letter do nothing to fill in details of the alleged violations, and even if they did, they are inadmissible for purposes of establishing the truth of the matter asserted, as they constitute inadmissible hearsay. Vazquez v. Lopez-Rosario, 134 F.3d 28, 33 (1st Cir.1998) ("Evidence that is inadmissible at trial, such as inadmissible hearsay, may not be considered on summary judgment."). Exhibit 7 should, therefore, also be stricken from the summary judgment record.

Mr. Carreiro has also attached Exhibits 4-6 (see paragraphs 7 and 13) constituting the notes of the three grievance meetings. The notes indicate that Mr. Carreiro made similar

assertions as to violations of the Employee Purchase Policy during these meetings, but Mr. Carreiro again failed to provide details as to when, where, and by whom such violations occurred.

In addition to Paragraphs 9-12, 15 and 19, discussed *supra*, Stop & Shop also moves to strike paragraphs 2, 4 and 20 of the Carreiro Affidavit. Mr. Carreiro asserts that "it had been my understanding" that the full-time employee in the Meat Department would be in charge of the department when the manager and head meat cutter were not on duty, but provides no foundation for the basis of this "understanding." As such, his statements are conclusory and are inadmissible opinion testimony by a lay witness. Fed. R. of Evid. 701; Alexis v. McDonald's Restaurants of Mass., Inc. 67 F.3d 341, 347 (1st Cir. 1995) (where there was no evidentiary foundation for witnesses' inferences, the conclusory statements by lay witnesses were properly excluded at summary judgment stage); Central Tools, Inc. v. Products Engineering Corp., 936 .Supp.58, 68 n.8 (D.R.I. 1996) (holding that a statement in a declaration to the effect that "it has been [affiant's] experience" that a certain trade dress was associated with plaintiff would be disregarded because it was "bald and conclusory, offering little or no evidentiary basis for [the] assertions"). Paragraphs 2 and 4 therefore are not proper evidence in this summary judgment proceeding. Fed. R. Civ. P. 56(e) (affidavits may be considered at summary judgment only if facts attested to are based on admissible evidence); *see also* Magarian v. Hawkins, 321 F.3d 235, 240 (1st Cir. 2003) (stating that "'conclusory allegations, improbable inferences, and unsupported speculation' are insufficient to defeat summary judgment").

III. CONCLUSION

For all the foregoing reasons, Stop & Shop respectfully requests that this Honorable Court strike paragraphs 2, 4, 9, 10, 11, 12, 15, 19 and 20 of Mr. Carreiro's Affidavit and Exhibit 7 attached thereto. Stop & Shop additionally and respectfully requests that this

Honorable Court strike any and all paragraphs of Plaintiff's Statement of Disputed Facts relying upon the infirm averments set forth in the Carreiro Affidavit, including but not limited to Disputed Facts Nos. 1, 2, 3, 6, 7 & 8 with reference to Defendant Stop & Shop, and Disputed Facts Nos. 1, 7 and 8 with reference to Defendant United Food & Commercial Workers Union, Local 328.

/s/ Timothy M. Bliss
Gordon P. Cleary, No. 1948
Timothy M. Bliss, No. 6228
VETTER & WHITE
Attorneys for Defendant Stop & Shop
Supermarket Company, LLC
20 Washington Place
Providence, Rhode Island 02903
(401) 421-3060
(401) 272-6803 FAX
gcleary@vetterandwhite.com
tbliss@vetterandwhite.com

Michael C. Lehane (Admitted *Pro Hac Vice*)
Thomas W. Colomb (Admitted *Pro Hac Vice*)
Murphy, Hesse, Toomey & Lehane, LLP
300 Crown Colony Drive, Suite 410
P.O. Box 9126
Quincy, Massachusetts 02269-9126
(617) 479-5000
(617) 479-6469 FAX

Dated: December 17, 2007

CERTIFICATE OF SERVICE

To:

Dennis J. Tente, Esq.
311 Doric Avenue
Cranston, RI 02910

Richard M. Peirce, Esq.
James A. Musgrave, Esq.
Roberts, Carroll, Feldstein & Peirce, Inc.
10 Weybosset Street – 8th Floor
Providence, RI 02903-2808

Betsy Ehrenberg, Esq.
Pyle, Rome, Lichten, Ehrenberg & Liss-Riordan
18 Tremont Street – Suite 500
Boston, MA 02108

Michael C. Lehane, Esq.
Thomas W. Colomb, Esq.
Murphy, Hesse, Toomey & Lehane, LLP
300 Crown Colony Drive - Suite 410
P.O. Box 9126
Quincy, MA 02269-9126

I hereby certify that I electronically filed the within memorandum on December 17, 2007. The memorandum is available for viewing and downloading from the Court's Electronic Case Filing system. Service on the above-identified counsel of record will be effectuated by electronic means and by mailing first class mail, postage prepaid, to non-registered parties.

/s/ Timothy M. Bliss