UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| LIONEL P. CARREIRO,<br>Plaintiff<br><br>v.<br><br>THE STOP & SHOP SUPERMARKET COMPANY, LLC, and UNITED FOOD & COMMERCIAL WORKERS UNION, LOCAL 328, by and through their President, DAVID P. FLEMING and their Secretary/Treasurer, JAMES RILEY,<br>Defendants | ) | Docket No. 07-158S |

**DEFENDANT STOP & SHOP SUPERMARKET COMPANY, LLC'S REPLY TO PLAINTIFF LIONEL P. CARREIRO'S OBJECTION TO STOP & SHOP'S MOTION FOR SUMMARY JUDGMENT**

Defendant Stop & Shop Supermarket Company, LLC ("Stop & Shop"), hereby replies to Plaintiff Lionel P. Carreiro's Objection to Stop & Shop's Motion for Summary Judgment ("Objection"). Mr. Carreiro's Objection has failed to set forth specific material facts showing that there is a genuine issue for trial, and the defendants are entitled to judgment as a matter of law on the undisputed facts of this case. Fed. R. Civ. P. 56(e).

In these summary judgment proceedings, Stop & Shop has met its "initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Stop & Shop has established the following material and undisputed facts: (1) that Mr. Carreiro purchased out-of-code hotdogs which he had discounted for his own benefit (see Stop & Shop's Statement of Undisputed Facts (hereinafter "SUF"), ¶¶ 6-8; Affidavit of Joel Boone (hereinafter "Boone Aff."), ¶¶ 12-13 and Exh.2-3 attached thereto; Affidavit of Steven A. Turchetta (hereinafter "Turchetta Aff."), ¶ 5);

that (2) the Employee Purchase Policy[1] signed by Mr. Carreiro and posted by the time clock in fact unambiguously prohibited such a purchase and stated that it was punishable by termination (see SUF, ¶9-12, ¶Boone Aff.¶¶ 7-8,13,16 and Exh. 3, 6 attached thereto; Turchetta Aff. ¶5); and that (3) in all provable cases of violations of which Stop & Shop has become aware, Stop & Shop has consistently enforced the Employee Purchase Policy through termination of the responsible employee (see SUF, ¶16-18; Boone Aff., ¶¶ 8-10; Turchetta Aff., ¶7). Stop & Shop has additionally shown that the relevant law, as applied to these facts, establishes that Mr. Carreiro's termination *did not* constitute a breach of the Collective Bargaining Agreement between itself and Local 328, defeating a Section 301 hybrid claim against the Defendants.[1] See Defendant Stop & Shop Supermarket Company, LLC's Memorandum of Law in Support of Its Motion for Summary Judgment, Argument A, at 3-7.

"When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth *specific facts* showing that there is a genuine issue for trial." F. R. Civ. P. 56(e) (emphasis supplied). Accordingly, in order to block summary judgment, Mr. Carreiro is now required to show "through specific facts, that a trialworthy issue remains," Cadle Co. v. Hayes, 116 F.3d 957, 960 (1st Cir. 1997), i.e. that genuine issues of material fact remain which must be resolved at trial. He has failed to do so.

As a preliminary matter, and as detailed in Stop & Shop's Motion to Strike Portions of Plaintiff Lionel P. Carreiro's Affidavit ("Motion to Strike"), Mr. Carreiro's assertions in paragraphs 2, 4, 9-12, 15, 19 and 20 (and Exhibit 7 attached thereto) do not meet the requirements of F. R. Civ. P. 56(e) and are not admissible in these summary judgment

---

[1] As in its Memorandum of Law in Support of Its Summary Judgment Motion, Stop & Shop will herein refer to the policy as the "Employee Purchase Policy," although a more recent version posted by the time clock was termed the "Associate Purchase Policy."

proceedings. Even if these assertions were admissible, however, they are not material. "'[M]aterial' facts are those which possess 'the capacity to sway the outcome of the litigation under the applicable law.'" Id., 116 F.3d at 960 (citing National Amusements, Inc. v. Town of Dedham, 43 F.3d 731, 734 (1st Cir. 1995)). Mr. Carreiro's vague and unsupported proposition is that he is entitled to escape the consequences of violating Company policy because other employees have on occasion also violated the Employee Purchase Policy. Notably, Mr. Carreiro's averment is *not* that he did not attempt to purchase three out-of-code packages of hot-dogs at a significantly discounted price after marking them down and rewrapping them himself. Mr. Carreiro's assertion is also *not* that the written, unambiguous Employee Purchase Policy prohibited such marking down and purchasing of out-of-code products. Rather, through innuendo and vague generalities, he purports to challenge the consistency of Stop & Shop's enforcement of the Employee Purchase Policy, but fails thereby to create a genuine issue of material fact that must await trial.

The Supreme Court has stated that "[i]n ruling upon a Rule 56 motion, 'a District Court must resolve any factual issues of controversy in favor of the non-moving party' only in the sense that, *where the facts specifically averred by that party contradict facts specifically averred by the movant,* the motion must be denied. That is a world apart from 'assuming' that general averments embrace the 'specific facts' needed to sustain the complaint." Lujan v. National Wildlife Federation, 497 U.S. 871, 888 (1990) (emphasis supplied). If Mr. Carreiro's aim is to raise a genuine and material issue as to whether Stop & Shop in fact has a consistent policy of terminating employees and supervisors who violate the Employee Purchase Policy, he needs to come forward with specific facts showing not just that the Policy has on occasion been violated without consequences, but that Stop & Shop has chosen to look the other way in the face of *provable, specific instances of violations that have been brought to its attention.* Mr.

Carreiro's general averments do not embrace such specific facts. Whether or not other employees engaged in violations of the Policy, (but had the dubious fortune of not being found out), is entirely irrelevant to a determination of whether Mr. Carreiro was appropriately disciplined under Stop & Shop's consistent policy and practice. Mr. Boone stated in his affidavit that "[w]here a *provable* violation of the Employee Purchase Policy occurs, as was undisputed by Carreiro, Stop & Shop has an unvarying disciplinary response of terminating the employee without regard to the value of the merchandise involved or the length or quality of the employee's prior service." Boone Aff., ¶ 9 (emphasis supplied). Stop & Shop's consistent practice of termination is not rendered inconsistent because it may on occasion have been prevented from taking disciplinary action because it had no knowledge or evidence of a violation.

To the extent that Mr. Carreiro is hoping through vague generalities and innuendo to suggest that some supervisors overlooked violations of the Employee Purchase Policy, he again fails to raise a genuine issue of material fact. Such innuendo is of no materiality to the determination of this case – the Employee Purchase Policy is a company-wide Policy consistently enforced in practice by Stop & Shop and is not varied by the alleged unauthorized practice of any particular meat department or even store. The Employee Purchase Policy, and the unvarying termination of employees who violate the policy, is applied uniformly to all employees including those in bargaining units, non-bargaining unit supervisors and managers, security employees and all others. SUF, ¶16; Boone Aff., ¶ 8. The relevant law holds that an employee terminated for violation of a company's employee purchase policy is terminated for "just cause" under the CBA (see Hussey v. Quebecor Printing Providence, Inc., 2 F.Supp.2d 217 (D.R.I. 1998)); Mr. Carreiro has not and cannot point to any legal support for his implied proposition that a termination is not for "just cause" if such violations have been overlooked by a

departmental supervisor in the past. In the absence of such law, Mr. Carreiro's assertions are immaterial.

Mr. Carreiro makes two additional "factual" assertions that fail to create genuine issues of material fact. First, Mr. Carreiro avers that, because the current version of the Employee Purchase Policy states that its violation "may result in disciplinary action, up to and including termination," it does not "provide for an unvarying disciplinary response of terminating the employee." Plaintiff's, Lionel P. Carreiro, Statement of Disputed Facts, ¶4; Carreiro Aff., ¶6. This observation does not change the previously-discussed fact that, as established by Mr. Boone's affidavit, when a provable violation of the Employee Purchase Policy occurs, the Company's unvarying disciplinary response has been to terminate the employee without regard to the value of the merchandise involved or the length or quality of the employee's prior service. SUF, ¶15; Boone Aff., ¶9. The consistent practice of termination, coupled with the publication of the Policy indicating that violations will result in disciplinary action including termination, amply support a finding that Mr. Carreiro's termination was in accordance with company policy and practice.

Second, Mr. Carreiro asserts that he was under the impression that he was in charge of the meat department when a supervisor was not present. Carreiro Aff.,¶2. This purported "fact" is again based on non-specific, vague generalizations and is without foundation (see Motion to Strike), and moreover, even if specifically averred, would not create a genuine issue of material fact for trial. Assuming for the sake of argument that Mr. Carreiro was authorized to mark down the hot dogs, which Stop & Shop denies, Mr. Carreiro does not assert, nor can he, that his actions would have then been consistent with the Employee Purchase Policy. He has violated at least three other provisions of the Policy. First, the Policy unequivocally states that "out-of-code product is not to be taken, used or eaten." SUF, ¶9-10; Exh. 3 attached

to the Boone Aff. Mr. Carreiro has repeatedly conceded that the hot dogs were out-of-code. See, e.g., Memorandum of Law in Support of Objection at 2; Carreiro Aff., ¶15. Second, the Employee Purchase Policy prohibits employees from waiting upon themselves (SUF, ¶9-10, Exh. 3 attached to Boone Aff.) which Mr. Carreiro did by rewrapping the hot dogs. Third, reduced merchandise is to be purchased only after it is put on display for the general public (id.); Mr. Carreiro purchased the hot dogs directly after they were marked down. SUF, ¶7; Exh. 2 attached to Boone Aff.; Memorandum of Law in Support of Objection at 2.

Having failed to create any genuine issues concerning the material facts of this case, Mr. Carreiro makes an unconvincing stab at distinguishing the relevant law. He argues that Hussey, *supra*, is distinguishable because the "items Mr. Carreiro paid for were allegedly going to be thrown out," whereas in Hussey the item taken had value to the company. Memorandum in Support of Objection at 5. The relevant inquiry here, however, is not whether the hot dogs had monetary value to Stop & Shop but whether the discounting and purchasing of the out-of-code product was prohibited by the Employee Purchase Policy, which it was. The holding of Hussey is that, where an employee's "termination [is] in accordance with posted [company rules]," the company has "just cause to terminate his employment" and "there [is] no breach of the [Collective Bargaining] Agreement." 2 F.Supp.2d at 223. This holding applies squarely to Mr. Carreiro's case.[2]

As a final note, it bears repeating that, as a matter of law, Mr. Carreiro cannot succeed on a hybrid 301 claim without also showing that the union breached its duty of fair representation. Chauffeurs, Teamsters and Helpers, Local No. 391 v. Terry, 494 U.S. 558, 564

[2] Mr. Carreiro also takes issue with Stop & Shop's citation to Mulvihill v. Top-Flite Golf Co., 335 F.3d 15 (1st Cir. 2003), stating that the case can be distinguished from the current case because "it involved a sexual harassment claim as proper cause for termination." Memorandum in Support of Objection at 4. Mr. Carreiro has unnecessarily and inexplicably taken pains to distinguish Mulvihill as Stop & Shop has cited to Mulvihill only for the general propositions of the summary judgment standard and of the generally required showings in a hybrid section 301 action, upon neither of which the sexual harassment claim angle of the case has bearing.

(1990). Stop & Shop hereby incorporates by reference the Reply of Defendant United Food and Commercial Workers Union, Local 328 ("Local 328") and joins Local 328 in arguing that Mr. Carreiro has not raised any genuine issues of material fact with regard to the Union's fair representation of Mr. Carreiro. This failure provides additional grounds for granting summary judgment in Stop & Shop's favor.

For the foregoing reasons, Stop & Shop respectfully requests that this Honorable Court grant its Motion for Summary Judgment.

/s/ Timothy M. Bliss
Gordon P. Cleary, No. 1948
Timothy M. Bliss, No. 6228
VETTER & WHITE
Attorneys for Defendant Stop & Shop
Supermarket Company, LLC
20 Washington Place
Providence, Rhode Island 02903
(401) 421-3060
(401) 272-6803 FAX
gcleary@vetterandwhite.com
tbliss@vetterandwhite.com

Michael C. Lehane (Admitted *Pro Hac Vice*)
Thomas W. Colomb (Admitted *Pro Hac Vice*)
Murphy, Hesse, Toomey & Lehane, LLP
300 Crown Colony Drive, Suite 410
P.O. Box 9126
Quincy, Massachusetts 02269-9126
(617) 479-5000
(617) 479-6469 FAX

Dated: December 17, 2007

CERTIFICATE OF SERVICE

To:

Dennis J. Tente, Esq.
311 Doric Avenue
Cranston, RI 02910

Richard M. Peirce, Esq.
James A. Musgrave, Esq.
Roberts, Carroll, Feldstein & Peirce, Inc.
10 Weybosset Street – 8th Floor
Providence, RI 02903-2808

Betsy Ehrenberg, Esq.
Pyle, Rome, Lichten, Ehrenberg & Liss-Riordan
18 Tremont Street – Suite 500
Boston, MA 02108

Michael C. Lehane, Esq.
Thomas W. Colomb, Esq.
Murphy, Hesse, Toomey & Lehane, LLP
300 Crown Colony Drive - Suite 410
P.O. Box 9126
Quincy, MA 02269-9126

I hereby certify that I electronically filed the within reply on December 17, 2007. The reply is available for viewing and downloading from the Court's Electronic Case Filing system. Service on the above-identified counsel of record will be effectuated by electronic means and by mailing first class mail, postage prepaid, to non-registered parties.

/s/ Timothy M. Bliss